IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1999 SESSION

FILED

February 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

JOHN MALCOLM JOHNSON,    *    C.C.A. No. W1999-00679-CCA-R3-PC

        Appellant,    *    TIPTON COUNTY

VS.    *    Joseph H. Walker, III, Judge

STATE OF TENNESSEE,    *    (Post-Conviction Relief)

        Appellee.    *

FOR THE APPELLANT:

FRANK DESLAURIERS
P. O. Box 1156
Covington, TN  38019

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

ELIZABETH T. RICE
District Attorney General

DEBORAH ALSUP
Assistant District Attorney
P. O. Box 790
Somerville, TN 38068-0790

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

### INTRODUCTION

The petitioner, John Malcolm Johnson, appeals from the trial court's order, entered after a hearing, denying his petition for post-conviction relief. The petitioner was convicted of one count of rape of a child by a Tipton County jury.  He was

sentenced as a Range I Offender to 15 years in the Department of Correction. On direct appeal, his conviction was affirmed. At post-conviction, he now argues that he received ineffective assistance of counsel at trial and therefore seeks a new trial. After careful review, we AFFIRM the denial of the trial court.

## BACKGROUND

For the purposes of this appeal, we set forth the facts as outlined by the petitioner. On the morning of November 9, 1996, the petitioner's wife saw her 11 year old daughter "straddling" her nude husband in the living room of their house. She was "straddling" the petitioner's feet and was not wearing underwear. The petitioner's penis was partially erect and, according to the wife, "looked like [it] had slipped out of her."

Investigating the wife's report, Officer Gamblin of the Covington Police Department questioned the petitioner on November 11, 1996. The petitioner during this questioning admitted to being with his daughter on the couch undressed but denied any act of penetration.

The petitioner's wife and the victim gave statements to the police; their statements were inconsistent with those of the petitioner. At trial, the daughter testified that the petitioner's penis was "a little bit" inside her vagina. On the basis of her testimony, that of the wife, and certain admissions of the petitioner, the jury convicted the petitioner of one count of rape of a child.

In the instant appeal, the petitioner argues that at this trial, his counsel was ineffective in failing to call a certain witness, Nurse Sandra Anderson of the Memphis Sexual Assault Resource Center. Anderson examined the victim approximately two days after the incident. She found evidence of tears in the victim's hymenal lumen, consistent with some form of penetration. When taking the daughter's history, Anderson noted that according to the mother, the daughter had stated that the petitioner digitally penetrated her and did not mention his penis.

-2-

Anderson, however, did not testify at trial. Defense counsel failed to subpoena her; instead, counsel was relying on the state's subpoena of Anderson. This reliance proved misplaced when the state released Anderson without having called her. On this basis, the petitioner alleged ineffective assistance of counsel at post-conviction.

The post-conviction court conducted a hearing on this claim and heard the testimony of Anderson, consistent with that described above, and the testimony of the petitioner's trial counsel, David Stockton. Counsel testified that Anderson's testimony would have been crucial in impeaching the testimony and credibility of the daughter.

After hearing this testimony, the trial court denied the petition, stating that the proof was clear and convincing that "trial counsel properly investigated the case, conferred with petitioner, adequately prepared for trial, and was competent through all stages of the trial." From this ruling, the petitioner now appeals.

**ANALYSIS**

The petitioner asserts that he received ineffective assistance at trial; specifically, he alleges that trial counsel was ineffective in failing to subpoena and call Nurse Anderson. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. See Strickland at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Tennessee, the test for determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. See Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the

wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); Alley v. State, 958 S.W.2d 138, 149 (Tenn. Crim. App. 1997). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Goad, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. See Goad, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Alley, 958 S.W.2d at 149; Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Assuming arguendo that trial counsel's failure to subpoena a "crucial" witness was ineffective, we review for prejudice. In this case, the petitioner's theory is that the testimony of Anderson, while consistent with reports of penetration and consistent with the convicted offense,[1]" would nevertheless have proven powerful in undermining the credibility of the victim and thus in casting doubt in the minds of the jurors." This Court acknowledges that the credibility of the victim is an essential element of this case; however, we are unpersuaded by the petitioner's argument and find no prejudice sufficient for reversal.

Read in any light, Anderson's testimony is consistent with the state's theory of the case. She testified to evidence of penetration, and Anderson's recorded history reports that such penetration was caused by the petitioner. The fact that digital, and not penile, penetration was reported in her notes is not cause for

_____

[1] See Tenn. Code Ann. § 39-13-522, -501(7).

-4-

disbelieving the testimony of the victim. However, beyond this one discrepancy, the petitioner can claim no value in Anderson's testimony. In fact, Anderson's notes do reflect that the victim's mother said that it looked like her husband was having sex with the victim. Whatever the case, her testimony, taken as a whole, clearly supports the state's case. Whatever impeachment value the petitioner perceives therein is, at best, minimal and certainly does not rise to the level contemplated by Strickland and required for reversal.

## CONCLUSION

Accordingly, we AFFIRM the trial court's order denying the petition for post-conviction relief.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
NORMA McGEE OGLE, Judge